Eddie L. QUEARY *v.* STATE of Arkansas

CR 75-155                                   531 S.W. 2d 485

Opinion delivered January 19, 1976

*Jim H. Boyd*, for appellant.

*Jim Guy Tucker*, Atty. Gen., by: *Jack T. Lassiter*, Asst. Atty. Gen., for appellee.

CONLEY BYRD, Justice. Appellant Eddie L. Queary was convicted, upon a jury verdict, of burglary and grand larceny. For reversal he makes a number of contentions.

The record shows that the residence of Mr. Phillip Cain of Kingston, Arkansas, was broken into and that items totaling approximately $300 in value were removed. Upon investigation the officers found two sets of tracks leading from and to the residence of appellant to the Cain residence. The boots that appellant was wearing matched one set of the tracks found by the officers. Lowery Garten, who was living with appellant, pleaded guilty to entering Cain's residence and taking the property. Garten also showed the sheriff where he had stored the property. We find that there was

substantial evidence to support the jury's verdict.

During cross-examination of Sheriff Ralph Baker the following occurred:

"Q. Okay. Now, other than those two dollars, to your knowledge, Queary — Eddie Queary hadn't had possession of all of this stuff; is that right? To your actual knowledge? Have you actually seen him with it?

A. Seen him with this stuff here?

Q. Yes, sir.

A. No, sir.

Q. Did you ever go into the attic and get it?

A. No, sir. It was his partner there, Garten.

MR. BOYD: Your Honor, I know probably nothing was intended, but we'd like to instruct the jury or that the Court do so, that the term 'partner' should be stricken from their minds.

THE COURT: Overruled."

The law is that when a witness, in answer to a proper question, gives a nonresponsive answer stating matter that is incompetent and inadmissible as evidence, the trial court, on motion, should strike out the answer or so much of it as is improper, and direct the jury to disregard it as evidence in the case. See *Page* v. *State*, 88 Ark. 237, 114 S.W. 248 (1908), 58 Am. Jur. *Witnesses* § 575 (1948) and 98 C.J.S. *Witnesses* § 356 (1957). The State, in recognition of the law on the subject, acknowledges that the sheriff's reference to appellant as Mr. Garten's "partner" was improper but contends that it was harmless error. We cannot agree that this reference to appellant was harmless error. Under our law, an error in the admission of incompetent testimony is presumed to be prejudicial in the absence of an affirmative showing to the contrary, *Connelly* v. *State*, 232 Ark. 297, 335 S.W. 2d 723 (1960).

Since the only practical, factual issue before the jury was whether appellant was Mr. Garten's partner in the crime, we cannot say that the record affirmatively shows the sheriff's characterization of appellant as Garten's partner was not prejudicial.

Appellant raises a number of other issues, but since they are not apt to arise on a new trial in the same context, we need not consider them.

For the error indicated, the judgment is reversed and remanded.

GEORGE ROSE SMITH, FOGLEMAN and JONES, JJ., dissent.

JOHN A. FOGLEMAN, Justice, dissenting. I consider the error on which this case is reversed to be harmless. As I understand the majority opinion, that error is the failure of the trial court to strike an unresponsive answer by the sheriff as a witness. The word "partner" was used by the sheriff in telling who went into the attic of a house and brought down some stolen property. It was applied to a codefendant of appellant to describe the codefendant as appellant's partner. The word, in its common acception and use can mean more than a "partner-in-crime." It may mean a colleague or associate. Webster's Third New International Dictionary; Webster's New International Dictionary, Second Edition; The Random House Dictionary of the English Language; The American Heritage Dictionary of the English Language. It is synonymous with friend, companion, fellow, comrade, familiar. Rodale, The Synonym Finder, Special DeLuxe Ed. (1961). It is used to designate various relationships such as companions, fellow workers, or close friends. *Zuback* v. *Bakmaz*, 346 Pa. 279, 29 A. 2d 473 (1943).

Admittedly the two men lived together. Two sets of tracks were followed by the officers for a quarter-mile from the burglarized residence to the place where the two codefendants lived together. Boots taken off Queary matched one set of tracks. There was another muddy set of boots at the house when the officers went there. The sheriff saw the tracks and fitted the boots worn by Queary to one set of tracks. He went

to the house where Queary and his codefendant lived. The codefendant was sitting in the house barefooted. The sheriff then went with the codefendant to the residence of Queary's brother-in-law. The codefendant went into the attic of that house with the sheriff and handed the stolen property down through the ceiling.

The codefendant admitted the burglary and tried to shoulder the entire blame, but could not explain how there could have been two sets of tracks. He claimed that he had been wearing Queary's boots when he burglarized the house, because they were better than his own. He said that it was possible that two dollars he gave Queary to buy gasoline after he returned was a part of the money he stole from the house. The codefendant had not previously told the sheriff about taking Queary's boots before going to the burglarized premises.

The circumstances pointing to Queary's guilt as disclosed by the evidence preceding this unresponsive remark were indeed strong and it is difficult to see how the jury could have given much consideration to this chance remark. Whatever connotation the witness or the jury put on the word, it added nothing to what the jury already knew. The sheriff would not have arrested Queary if he did not think he was a participant in the crime and everyone in the courtroom knew that from the evidence. When the entire record is viewed on appeal, I would say that the chances that this statement was prejudicial were so remote as to put the matter beyond reasonable doubt. It seems to me that we could say with great assurance that any error was harmless.

I am authorized to state that Mr. Justice George Rose Smith and Mr. Justice Jones join in this opinion.