Bonnie Pearl PARRIS *v.* STATE of Arkansas

CA CR 80-27                                      604 S.W. 2d 582

Court of Appeals of Arkansas

Opinion delivered September 17, 1980

*E. Alvin Schay*, State Appellate Defender, by: *Ray Hartenstein*, Chief Deputy Defender, Little Rock, for appellant.

*Steve Clark*, Atty. Gen., by: *Jack W. Dickerson*, Asst. Atty. Gen., Little Rock, for appellee.

JAMES H. PILKINTON, Judge. Bonnie Pearl Parris was convicted in Jefferson County Circuit Court of burglary in violation of Ark. Stat. Ann. § 41-2002 (Repl. 1977) and was sentenced to three years imprisonment, all suspended. She was also convicted of theft of property in violation of Ark. Stat. Ann. § 41-2003 and was given a two-year suspended sentence. In addition appellant was convicted of arson in violation of Ark. Stat. Ann. § 41-1902 and sentenced to three years with one year suspended on the arson conviction.

Appellant filed a timely motion to suppress the evidence of her purse, and a motion in limine. Appellant first argues that the trial judge erred in admitting testimony regarding some matches found in her purse.

At a pre-trial hearing held on appellant's motion to suppress, and on her motion in limine, the facts surrounding the alleged illegal search were developed. The testimony of Phillip E. Jonio, a criminal investigator for the Jefferson County Sheriff's Department is uncontradicted. Officer Jonio testified that Mrs. Parris had been stopped and detained by another officer at a service station in Pine Bluff. When he

arrived at the service station, Officer Jonio placed appellant under arrest for arson and verbally advised Mrs. Parris of her rights. He then transported Mrs. Parris and her son to the county jail. She was booked and advised of her *Miranda* rights. At that point Mrs. Parris signed a waiver of her rights, stating she had been advised of her rights and wished to talk without the presence of her attorney. She was then questioned regarding her participation in the alleged crimes for which she had been arrested. Officer Jonio further testified that during the course of the interview he "asked Mrs. Parris to empty the contents of her purse upon my desk within the Criminal Investigation Division office, which she did upon my request." Several books of matches and some box matches were found in appellant's purse. Officer Jonio further testified that it is necessary that all personal effects be inventoried at the jail and this was done in the case of Mrs. Parris. The trial court determined that the search was incident to a lawful arrest and therefore valid. The matches found in the purse were not actually introduced into evidence by the State, but Officer Jonio did testify about finding the matches in appellant's purse after her arrest.

Appellant argues that the search of her purse was not authorized as incidental to her arrest nor as a routine police inventory. The record discloses that appellant consented to the search of her purse. So the question here is really whether Mrs. Parris voluntarily emptied the contents on the desk. We have no doubt that she did. Appellant did not testify at the suppression hearing, and the testimony of Officer Jonio — that when he asked her to empty the contents of her purse on the table she voluntarily did so — is not rebutted. We conclude appellant emptied the purse knowing what she was doing, and that she was well aware of her rights. In any event the Arkansas Supreme Court in *Sumlin* v. *State*, 266 Ark. 709, 587 S.W. 2d 571 (1979), stated:

A search of an individual's personal effects is incidental to an arrest if it is conducted shortly thereafter at a jail. *U.S.* v. *Edwards*, 415 U.S. 800, 94 S. Ct. 1234, 39 L. Ed. 2d 771 (1974). See also, *South Dakota* v. *Opperman*, 428 U.S. 364, 96 S. Ct. 3092, 49 L. Ed. 2d 1000 (1976);

Rules of Crim. Proc., Rule 12.2; and *Johnson* v. *State*, 252 Ark. 1113, 482 S.W. 2d 600 (1972).

Therefore either as an inventory, only a short time after her arrest, or as a search incidental to the arrest, these matches from appellant's purse were properly seized and could be used as evidence. We therefore hold that the trial court did not err in admitting testimony concerning the matches found in appellant's purse.

Appellant next argues that the trial court abused its discretion in qualifying witness Jerry Reinold as an expert in the field of arson detection and allowing his testimony regarding the nature of the fire. In its attempt to prove that the fire was not of accidental origin but had been intentionally set, the State called Sergeant Jerry Reinold, who had been employed by the Arkansas State Police for approximately ten years. Further, this witess had been employed at the state fire marshal's office from September, 1978, through September, 1979. He stated that he had attended several training sessions at the Arkansas Fire Training Academy and had on-the-job training under the direct supervision of the state fire marshal. He also testified that he had not only attended classes but had taught classes on the investigation of fires. While employed at the fire marshal's office he had investigated in excess of 130 fires. On voir dire examination by appellant, Sergeant Reinold admitted that at the time of the investigation of the fire in February, 1979, he had just started his on-the-job training and did not then consider himself an expert in arson detection. However, he did testify that he considered himself an expert at the time of trial on February 19, 1980. The trial court ruled that Sergeant Reinold, although not qualified as an expert on the day of the fire, was qualified as an expert at the time he gave testimony; and the court allowed this witness to give an expert opinion at the trial. Sergeant Reinold was permitted to testify as to his observations at the time of the fire and his subsequent determination that the fire was intentionally set.

The determination of an expert's qualifications as a witness lies within the sound discretion of the trial court. Absent an abuse of discretion, the appellate court will not

reverse its finding. *Smith* v. *State*, 258 Ark. 601, 528 S.W. 2d 389 (1975).

Rules 702 and 703 of the Uniform Rules of Evidence (Ark. Stat. Ann. § 28-1001) control the admission of testimony by expert witnesses. Rule 702 provides:

> *Testimony by experts.* — If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

Rule 703 provides:

> *Basis of opinion testimony by experts.* — The facts or data in the particular case upon which an expert bases an opinion or inference *may be those perceived by or made known to him* at or *before the hearing.* If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence. (Emphasis added.)

The record reflects that Sergeant Reinold's expert opinion testimony given at the trial was based upon his observations at the scene of the fire, which were supported by photographs taken at the time of the fire, and his opinion that the fire was intentionally set was based upon his conclusions drawn at the time of the trial. Appellant does not seriously argue that Sergeant Reinold was not an expert at the time of the trial when he testified and gave an expert opinion. We hold that the trial court properly admitted Sergeant Reinold's expert testimony that, in his opinion at the time of the trial, the fire had been intentionally set. As pointed out by appellee, Sergeant Reinold's testimony was not conclusive that the fire was intentionally set, but was merely evidence which the jury could consider in determining whether the fire was caused by arson. The rule that the jury is the sole judge of credibility of witnesses applies to the opinion of experts as well as to the testimony of other witnesses. It was for the jury to decide the weight to be given to this particular testimony.

*Gruzen* v. *State*, 267 Ark. 380, 591 S.W. 2d 342 (1979).

Appellant finally argues there is sufficient evidence to support the jury verdict. We do not agree. While the evidence was mostly, if not wholly, circumstantial, that does not render it insubstantial. *Williams* v. *State*, 258 Ark. 207, 523 S.W. 2d 377 (1975).

It is undisputed that Mrs. Parris entered the house in question, which no longer belonged to her, by breaking out a window in the master bedroom. She admitted entering the house, but denied intending to steal anything, and she denied having anything to do with setting the fire in the house. Sergeant Reinold, testifying as an expert, said the fire was intentionally set. Doug James, a painter who had been working in the area near the house, testified that he saw a truck at the house and met the truck on the road. He tried to get the driver of the truck to stop, but she would not stop. Phillip Jonio testified that he recovered a half-full container of paint thinner from the truck driven by Mrs. Parris and several books of matches from her purse. Mrs. Parris also admitted having some kerosene in the truck. Appellant admitted that she was in the house at the approximate time the fire was started; however, she denied starting the fire. An appellate court does not attempt to weigh the evidence or pass on the credibility of witnesses, and jury findings are not disturbed on appeal unless there is no substantial evidence to support the verdict. *Pope* v. *State*, 262 Ark. 476, 557 S.W. 2d 887 (1977). Though circumstantial, the evidence was sufficient for the jury to conclude that appellant intentionally started the fire prior to leaving the house, and that she intended to take the two guns belonging to the prosecuting witness. Intent is a state of mind which is not ordinarily capable of proof by direct evidence, so it must be inferred from the circumstances. In some cases circumstantial evidence is the only means of proof available. *Smith* v. *State*, 264 Ark. 874, 575 S.W. 2d 677 (1979). After a careful review of the evidence we have concluded that it was for the jury to believe or disbelieve Mrs. Parris's testimony. *McCree* v. *State*, 266 Ark. 465, 585 S.W. 2d 938 (1979).

Finding no error, the judgment of the circuit court is affirmed.