George Austin WILSON *v.* STATE of Arkansas

CR 80-253                          640 S.W.2d 440

Supreme Court of Arkansas
Opinion delivered October 18, 1982

Petitioner, *pro se.*

*Steve Clark,* Atty. Gen., by: *Arnold M. Jochums,* Asst. Atty. Gen., for appellee.

PER CURIAM. Petitioner George Austin Wilson was convicted by a jury of aggravated robbery, Ark. Stat. Ann. § 41-2102 (1) (Repl. 1977) and criminal attempt to commit first degree murder, Ark. Stat. Ann. § 41-701, 1502 (Repl. 1977). He was sentenced as a habitual offender with four or more prior felony convictions to fifty years imprisonment on the aggravated robbery charge and thirty-four years on the attempted murder charge. The sentences were ordered served consecutively.

Petitioner alleges that the trial court did not have the authority under Rule 37.1 (b) to impose the sentences for

both aggravated robbery and attempted first degree murder. He bases his argument on the contention that aggravated robbery was the underlying felony to the charge of attempted first degree murder. Petitioner cites as support for his contention this Court's decisions in *Barnum* v. *State,* 276 Ark. 477, 637 S.W.2d 534 (1982); *Rowe* v. *State,* 275 Ark. 37, 627 S.W.2d 16 (1982); *Singleton* v. *State,* 274 Ark. 126, 623 S.W.2d 180 (1981); and *Swaite* v. *State,* 272 Ark. 128, 612 S.W.2d 307 (1981). In those cases, we held that when a criminal offense by definition cannot be committed without the commission of an underlying offense, a conviction cannot be had for both offenses under Ark. Stat. Ann. § 41-105 (1) (a) (Repl. 1977). The statute provides:

(1) When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense. He may not, however, be convicted of more than one offense, if:

(a) one offense is included in the other as defined in subsection (2);

(2) A defendant may be convicted of one offense included in another offense with which he is charged. An offense is so included if:

(a) it is established by proof of the same or less than all the elements required to establish the commission of the offense charged; or

(b) it consists of an attempt to commit the offense charged or to commit an offense otherwise included within it; or

(c) it differs from the offense charged only in the respect that a less serious risk of injury to the same person, property, or public interest or a lesser kind of culpable mental state suffices to establish its commission.

In *Rowe* v. *State*, supra, we held that Ark. Stat. Ann. § 41-105 (1) (a) (Repl. 1977) precluded the imposition of both a sentence for aggravated robbery and attempted *capital* murder. The only distinction between *Rowe* and the case at bar is the fact that petitioner was sentenced for aggravated robbery and attempted *first degree* murder. We find therefore that it was unlawful to sentence petitioner on both charges, but we do not accept his conclusion that the sentence for aggravated robbery, rather than the attempted murder sentence, must be set aside.

While it was necessary for the jury to find petitioner guilty of a felony, i.e., aggravated robbery, to find him guilty of attempted first degree murder, the jury and the legislature clearly considered aggravated robbery to be the more serious crime. The jury's intention can be seen in its verdict specifying 50 years for aggravated robbery and 34 years for attempted murder. The legislative intention can be discerned from the classification at the time of the crime of aggravated robbery as a class A felony, Ark. Stat. Ann. § 41-2102 (2) (Repl. 1977), while attempted first degree murder was punishable as a class B felony, Ark. Stat. Ann. §§ 41-703 (2), 41-1502 (3) (Repl. 1977). Accordingly, the conviction and sentence for the less serious offense, attempted first degree murder, are set aside. The conviction and sentence for aggravated robbery are not disturbed.

We need not address petitioner's allegation that counsel was ineffective in not objecting to the sentencing in this case since one of the two convictions and sentences has been removed.

Petition granted in part and denied in part.