Jerry D. AVERY *v.* STATE of Arkansas

CA CR 84-196                    690 S.W.2d 732

Court of Appeals of Arkansas
En Banc
Opinion delivered June 5, 1985
[Rehearing denied July 3, 1985.*]

---

\* Cooper and Mayfield, JJ., would grant rehearing.

*John F. Gibson, Jr.*, for appellant.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

LAWSON CLONINGER, Judge. Appellant was sentenced to a term of five years imprisonment on the charge of theft of property, seven years on burglary, to run concurrently, and eighteen years for attempted rape. Appellant raises three points for reversal. We find none of his arguments persuasive, and we affirm the judgment of the trial court.

Testimony at trial revealed that on the night of July 18, 1983, Verita Hairston, on returning to her mobile home, noticed a blue Ford automobile parked directly opposite the end of her trailer. When she went outside shortly afterward to retrieve some articles from her car, she observed that the unfamiliar automobile was still parked near her house. She saw no one and went back inside the mobile home.

As she was putting some towels away in the bathroom Hairston heard a voice at the window. Looking up, she saw someone standing against the bathroom window. She slapped a towel against the window and said, "Get away!" The person at the window responded in a deep male voice with an obscenity. Hairston then turned off the light, shut the bathroom door, and looked out the window to see where he had gone. After about a minute of silence she heard her dog sniffing in the bedroom. She

looked through the crack at the base of the bathroom door and saw through the space a man's feet in a pair of socks. One sock had a hole in the toe.

Hairston held the door shut and asked, "What do you want?" The intruder replied, "I just want to make love to you. I just want to make love to you. Just come out here and let me make love to you, and I will not hurt you." Fearing that she would be raped, Hairston quickly opened the bathroom window, escaped, and ran screaming for help to a neighbor's trailer. Once safely inside, she phoned the police, who arrived shortly afterward.

The blue Ford was still parked outside Hairston's trailer when she and the police entered the mobile home to look for the suspect. By the time they walked outside after inspecting the house, the car was gone. As Hairston and the officers stood in front of the trailer discussing the incident, the automobile drove by. The policemen noted the license number and, after reporting it, received information that the vehicle was registered in appellant's name. While the officers were still present, the car drove by a second time. A neighbor appeared and told police that she had seen someone get out of a ditch and get into the automobile. The officers gave chase and arrested appellant, who had in his possession a gun which had been stolen from the Hairston trailer.

In his first argument, appellant contends that the trial court erred in overruling his motion for a mistrial following testimony by a police officer that appellant stated he had come into Hairston's neighborhood for the purpose of buying "dope." At trial, appellant's attorney objected to the statement on the grounds that the implication of his client in unrelated criminal activity was prejudicial. The court instructed the jury to disregard any testimony concerning any alleged attempt by appellant to obtain drugs. Simultaneously, the court overruled a motion for a mistrial.

The granting of a mistrial is a drastic remedy and should be resorted to only when justice cannot be served by continuing with the trial and when no other method exists by which the prejudice may be removed. *King* v. *State*, 9 Ark. App. 295, 658 S.W.2d 434 (1983). The trial judge is vested with considerable discretion in acting on motions for mistrial because of his superior position to determine the possibility of prejudice.

*Drew v. State*, 8 Ark. App. 120, 648 S.W.2d 836 (1983). The judge's exercise of that discretion will not be reversed in the absence of manifest abuse. *Id.* When an objection is made by counsel and is sustained and followed by an admonition from the presiding judge to the jury, the prejudicial statement is cured. *Id.* In the present case, where the objection by appellant's attorney to the testimony of the police officer was promptly followed by a judicial admonition, we do not think the prejudice was so great as to call for a mistrial. *Brewer* v. *State*, 269 Ark. 185, 599 S.W.2d 141 (1980).

Appellant argues in his second point for reversal that the trial court erred in overruling his motion for a directed verdict. He claims that no substantial evidence was introduced at trial to prove that he attempted to rape Hairston. Only when no fact issue exists is a directed verdict proper. On appeal, we view the evidence in the light most favorable to the appellee, and we affirm the judgment if there is substantial evidence to support the jury's verdict. *Wilson* v. *State*, 10 Ark. App. 176, 662 S.W.2d 204 (1983). Substantial evidence is that evidence that is of sufficient force and character that it will, with reasonable and material certainty and precision, compel a conclusion one way or the other. It must force or induce the mind to pass beyond a suspicion or conjecture. *Jones* v. *State*, 11 Ark. App. 129, 668 S.W.2d 30 (1984).

We believe that appellee presented substantial evidence at trial to justify the jury's finding of guilt on the charge of attempted rape. Rape is defined at Ark. Stat. Ann. § 41-1803(1) (a) (Repl. 1977) as sexual intercourse or deviate sexual activity with another person by forcible compulsion. Under Ark. Stat. Ann. § 41-701(2) (Repl.1977), in order to prove attempted rape, the State is required to prove that a person "purposely engages in conduct that constitutes a substantial step in a course of conduct intended or known to cause such a result" [*i.e.*, rape]. Appellant's actions and words clearly constituted a substantial step toward accomplishing the rape of Verita Hairston. A man who has stood at a woman's bathroom window uttering obscenities and has entered her house uninvited, saying, "Just come out here and let me make love to you, and I will not hurt you," certainly has engaged in conduct that could lead a jury to determine, with reasonable and material certainty and precision, that he was

intent upon sexual intercourse with her by forcible compulsion. The trial court properly denied appellant's motion for a directed verdict.

Appellant urges in his third point for reversal that the trial court erred in refusing to permit him to cross-examine a police officer with respect to any prior statements that Hairston may have made. The record, however, shows that, while he sustained the prosecutor's objection to appellant's attorney's questioning the officer about the victim's earlier statements, the judge added that the lawyer could ask such questions later in the trial for the purpose of impeachment. Appellant's attorney evidently chose not to pursue the subject later, despite his opportunity to do so when the policeman was called on rebuttal and when Hairston herself took the witness stand. Moreover, appellant's counsel neglected to make known to the trial court the substance of the anticipated evidence by proffer under the requirements of Rule 103(a)(2), Uniform Rules of Evidence, Ark. Stat. Ann. § 28-1001 (Repl. 1979). Under these circumstances, we find no error on the judge's part.

Affirmed.

MAYFIELD and COOPER, JJ., dissent.

CRACRAFT, C.J., concurs.

GEORGE K. CRACRAFT, Chief Judge, concurring. I concur with the opinion of the majority.

It was argued in conference that sentencing the appellant on both the attempted rape and burglary convictions was reversible error under Ark. Stat. Ann. § 41-105 (Repl. 1977). The majority opinion does not address that issue because our examination of the abstract and record discloses that the issue was never raised in the trial court and it was not argued in the briefs. The first suggestion of that issue was made by counsel in his rebuttal statements during oral argument. The majority follows the well established rule that a timely and appropriate objection must be made to preserve an issue on appeal. The court has also made it clear that this rule applies even to constitutional issues and has specifically applied it where a timely objection was not made to the sentences on multiple charges in *Robinson v. State*, 278 Ark. 516, 648 S.W.2d 444 (1983) and *Rowe v. State*, 271 Ark. 20, 607

S.W.2d 657 (1980). I would also adhere to the well established rule that we do not consider arguments which are not briefed.

The majority did not address that issue for those reasons. However, as it is discussed in a dissenting opinion I would state my view that the provisions of Ark. Stat. Ann. § 41-105 (Repl. 1977) have no application to this case. In certain circumstances that section prohibits multiple sentences where the same conduct results in more than one offense. An accused may be convicted and sentenced for only one offense arising out of the same conduct when one of the offenses is necessarily included in the other. It provides that one offense is included in the other if it must be established by proof of the same or less than all of the same elements required to establish the commission of the offense charged. The purpose of the statute is to allow a conviction of a lesser included offense when the accused is not convicted of the greater charge and to prohibit sentencing for both. *Akins* v. *State* 278 Ark. 180, 667 S.W.2d 654 (1984).

In the felony murder cases the court has not permitted a sentence for both the capital murder and the underlying felony for the reason that it is necessary to prove each and every element of the underlying felony in order to obtain the capital felony murder conviction. The underlying felonies are therefore lesser included offenses in these cases. *Wilson* v. *State* 277 Ark. 219, 640 S.W.2d 440 (1982).

The charges here are attempted rape and burglary. Neither crime necessarily requires proof of any of the elements of the other. In *Hickerson* v. *State* 282 Ark. 217, 667 S. W. 2d 654 (1984) the appellant was convicted of kidnapping, burglary and rape. Relying on §41-105 (Repl. 1977) he contended on appeal that he could not be sentenced on all three charges. Although the court found the evidence insufficient to support the conviction of burglary it rejected his primary argument in the following language:

> Furthermore, it would have been possible in this case for circumstances to support a conviction for burglary if the facts had been present to support that separate crime. *Conley* v. *State*, supra. None of these crimes, rape, burglary or kidnapping is necessarily a lesser included offense of the other. All involve separate elements, and it is

not necessary to prove one offense in order to prove another, which is one of the tests in applying that statute.

Burglary is defined as unlawful entry into an occupiable structure with intent to commit an offense punishable by imprisonment. Rape is generally defined as engaging in sexual intercourse or deviate sexual activity with another person by forcible compulsion. Attempted rape is defined as purposely engaging in conduct which constitutes a substantial step toward accomplishing the rape. It is not necessary to prove an unlawful entry into an occupiable structure to establish rape or attempted rape. Once the intent to rape has been formed and substantial steps to accomplish it have been taken the offense of rape or attempted rape can be committed anywhere. Since each offense requires proof of elements not required by the other a defendant can be convicted and sentenced on both offenses.

Nor can I agree that appellant's unlawful entry was the only substantial step taken to accomplish the rape. The Commentary to Ark. Stat. Ann. § 41-701 (Repl. 1977) lists seven examples of types of conduct which, if corroborative of criminal purpose, might be held to be substantial steps. Included in this list are enticing or seeking to entice the contemplated victim of the offense to go to the place contemplated for the commission of the crime, reconnoitering the place contemplated for the offense and unlawful entry to the place in which it is contemplated the offense will be committed.

Prior to his unlawful entry the appellant had reconnoitered the place by appearing at the bathroom window and first ascertaining the intended victim's whereabouts. After his entry he sought to entice her to leave the bathroom and come into the living room where he intended the rape to occur.

I concur.

MELVIN MAYFIELD, Judge, dissenting. As the majority opinion correctly states, in order for the appellant to be guilty of the crime of attempted rape he had to engage in conduct that constituted *a substantial step* in a course of conduct intended to result in sexual intercourse or deviate sexual activity with another person by forcible compulsion. In my view, except for entering the mobile home without permission, the appellant did not engage in

any conduct that constituted *a substantial step* in a course of conduct to commit rape. Certainly his voiced obscenity while standing by the bathroom window outside the home did not constitute such a substantial step, and after he got inside the home, he did not try to open the bathroom door or take any other substantial step to commit rape. Thus, the only possible conduct shown by the evidence as sufficient to constitute a substantial step to commit rape is the unlawful entry into the mobile home.

The appellant was also convicted of burglary. To be guilty of burglary one must *enter or remain unlawfully* in an occupiable structure of another person with the purpose of committing therein any offense punishable by imprisonment. Ark. Stat. Ann. § 41-2002 (Repl. 1977).

My first problem is whether the same act of unlawful entry into the home can support a conviction for both attempted rape and burglary. Ark. Stat. Ann. § 41-105 (Repl. 1977) provides:

> (1) When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if:
>
> (a) one offense is included in the other, as defined in subsection (2):
>
> (2) . . . An offense is so included if:
>
> (a) it is established by proof of the same or less than all the elements required to establish the commission of the offense charged;

In *Sanders* v. *State*, 279 Ark. 32, 648 S.W.2d 451 (1983), it was held that being sentenced for both aggravated robbery and first degree battery was a violation of the constitutional prohibition against double jeopardy and a violation of Ark. Stat. Ann. § 41-105(1)(a) and (2)(a) (Repl. 1977). The court said this was true for two reasons. "First, both convictions grew out of a single act; and secondly, under the felony information in this case the proof required to prove one of the offenses necessarily included proof of the other." The court explained as follows:

In *Akins* v. *State*, 278 Ark. 180, 644 S.W.2d 273

(1983), wherein the appellant was also charged with aggravated robbery and first degree battery, we held that Ark. Stat. Ann. § 41-105 (Repl. 1977) prohibits multiple sentences when the same act results in more than one offense. We also noted that when a criminal offense cannot be committed without the commission of an underlying offense, a conviction cannot be had for both offenses under § 41-105. *Akins, supra,* citing *Hill* v. *State,* 275 Ark. 71, 628 S.W.2d 285 (1982); *Rowe* v. *State,* 275 Ark. 37, 627 S.W.2d 16 (1982); *Swaite* v. *State,* 272 Ark. 128, 612 S.W.2d 307 (1981). In *Akins,* a case similar to petitioner's in which the victim of an armed robbery attempted to use his own pistol to prevent the robbery and was shot by the robber, we set aside the conviction and sentence for battery. We must afford petitioner the same relief. Count I of the felony information on which he was tried charged that he committed aggravated robbery by force. Count II charged that "in the course of and in furtherance of the felony [i.e. the aggravated robbery by force], he . . . caused serious physical injury. . . ." As in *Akins,* the proof required to prove one offense necessarily included proof of the other. Therefore, in accordance with A.R.Cr.P. Rule 37.1(a) the conviction and sentence for the lesser offense, battery in the first degree, must be set aside since it was imposed in violation of Ark. Stat. Ann. § 41-105 (Repl. 1977). The conviction and sentence for aggravated robbery are not disturbed. See also *Wilson* v. *State,* 277 Ark. 219, 640 S.W.2d 440 (1982).

My research has not found a case in Arkansas involving burglary and attempted rape where the proof of one crime included proof of the other as does the case at bar. However, *Mitchell* v. *State,* 281 Ark. 112, 661 S.W.2d 390 (1983), held that Ark. Stat. Ann. § 41-105 prevented the conviction for two counts of aggravated robbery where property was taken from a man that it belonged to, and at the same time property that belonged to his employer was taken from the man. The court said the same proof was required for each of the counts, and set aside one of the convictions. It, therefore, seems clear that the appellant in the present case cannot be convicted of burglary with intent to commit theft and, by using the same act of unlawful entry as a

substantial step in the attempt to commit rape, be convicted of attempted rape. If he had taken a substantial step to commit rape *after* he entered the home, we would have a different situation. In this case, however, it just so happens that we have to use proof of the same act to establish both the burglary and the attempted rape. I do not think the conviction for both crimes can stand under these circumstances.

My limited research in other jurisdictions has not found a case exactly in point either, but I think *State* v. *Lora*, 213 Kan. 184, 515 P.2d 1086 (1973), supports the position I take. In that case the court affirmed a conviction for burglary of the Abderholden home and the attempted rape of Mrs. Abderholden. But there was evidence that the defendant broke into the home with the intent to commit a rape and grabbed the lady after he got into the house and attempted to rape her. His attempt failed because she broke away from him. In that case the court said:

> The overt act toward perpetration of the rape which was necessary to constitute the crime of attempted rape in this case consisted of seizing Mrs. Abderholden and attempting to restrain her within the residence. The necessary elements of proof of the crime of aggravated burglary in this case are not included in those necessary to prove the crime of attempted rape or vice versa. Therefore the charges are not duplicitous.

I realize that the appellant in this case did not raise this point in the same way I have discussed it. However, in his appeal to this court he admits the evidence was sufficient to support the burglary conviction, but contends the attempted rape conviction should be reversed. If my view is correct, Ark. Stat. Ann. § 41-105 prohibits a sentence for both burglary and attempted rape in this case. In *Walton* v. *State*, 279 Ark. 193, 203, 650 S.W.2d 231 (1983), the court held two sentences were not authorized under this section even though the issue was raised for the first time on appeal. *See also Robinson* v. *State*, 279 Ark. 61, 648 S.W.2d 446 (1983), and *Rowe* v. *State*, 275 Ark. 37, 627 S.W.2d 16 (1982), where petitions for relief under A.R.Cr.P., Rule 37, were involved. But under those cases the attempted rape conviction in this case should not be reversed. The appellant could properly be prosecuted on both charges but could be sentenced on only one.

Therefore, the attempted rape conviction should be affirmed and the burglary conviction should be reversed and dismissed. *See Wilson v. State*, 277 Ark. 219, 640 S.W.2d 440 (1982); *Robinson v. State, supra.*

COOPER, J., joins in this dissent.