# ARKANSAS STATE HIGHWAY COMMISSION *v.* W. F. LEMLEY ET AL

5-5884                                    479 S.W. 2d 855

## Opinion delivered May 8, 1972

*Thomas B. Keys* and *Kenneth R. Broom,* for appellant.

*Williams & Gardner,* for appellees.

FRANK HOLT, Justice. In this eminent domain proceeding, the appellant acquired certain lands from appellees which were necessary in the construction of Interstate 40 and its facilities. A jury awarded $14,500 as just compensation to appellees. For reversal of that judgment, the appellant asserts that the trial court erred in permitting a witness, Roy Jackson, on re-direct examination, to testify regarding a sale he had made to the City of Morrilton, and, also, that the court erred in not striking the before value figure of this witness.

Appellee Jackson was one of the owners of the property acquired by appellant. On direct examination he gave his opinion as to just compensation. On cross-examination, the reasonable basis for his valuation was tested by the appellant. Then on re-direct examination, he was asked if he had recently sold land to the City of Morrilton. He replied that the city had paid him $400 an acre for some land for right-of-way purposes approximate-

ly 3/4 of a mile from the property in litigation. Also, that "It was a voluntary sale, nothing forced about it[.]" and the transaction was not a condemnation proceeding. Following appellant's objection to the testimony, the court then questioned the witness with reference to the similarity of the land sold to the City of Morrilton and the land in litigation. Upon re-cross examination, the landowner was asked if the sale to the city entered into his thinking about the value of the land in this present action. "Well, it's comparable land, and I didn't set the price. They set the price." The court overruled the appellant's objection as to the admissibility of the appellees' evidence and permitted the testimony to be considered by the jury. We must agree with the appellant that this was prejudicial error.

The rule is firmly established that the price paid by a condemnor is inadmissible in establishing the fair market value of other lands acquired in a condemnation proceeding. *Yonts* v. *Public Service Co. of Ark.*, 179 Ark. 695, 17 S.W. 2d 886 (1929). There the rationale of this rule is stated:

> ". . .Evidence showing what the [condemnor] seeking to condemn has paid for other lands would probably be taken by the jury as indicating the market value, when, as a matter of fact, it does not tend to show the market value of the land. A [condemnor] condemning land might be willing to give more than it was worth and the owner of land might be willing to take less than it is worth, that is, less than its market value, rather than have a lawsuit. Moreover, when a [condemnor] seeks to get land or condemn it for public uses, having the power to condemn, the landowner would probably come to some agreement with him rather than have a lawsuit, and this agreement would show a compromise rather than the market value of the land."

In other words, this is not a true sale transaction between a willing buyer and a willing seller which is necessary to establish a fair market value of the lands. In the

case at bar, the incompetent evidence was not elicited on cross-examination by the condemnor as occurred in *Arkansas Power & Light* v. *Harper*, 249 Ark. 606, 460 S.W. 2d 75 (1970). There we held the condemnor was not in a position to complain about a situation it created. Since the inadmissible evidence in the case at bar was adduced by appellees it was clearly contrary to our well established rule, and we must reverse the judgment and remand the cause.

Reversed and remanded.