ARKANSAS STATE HIGHWAY COMMISSION
*v.* Clifford L. CUTRELL and his wife

77-331                                          564 S.W. 2d 213

Opinion delivered April 17, 1978
(Division I)

*Thomas B. Keys* and *Kenneth R. Brock*, for appellant.

*Jones & Petty*, for appellees.

GEORGE ROSE SMITH, Justice. This is an action by the appellant to condemn land for highway purposes. The condemnor's expert witness estimated just compensation at $5,-100. The landowners' expert put the figure at $30,700. In appealing from a $12,000 verdict the condemnor argues that the trial court abused its discretion in limiting the cross-examination of Mr. Cutrell, one of the landowners. We find no abuse of discretion.

The condemnor took 2.47 acres of the Cutrells' 4.34-acre tract, leaving 1.87 acres. Before this case was tried the Arkansas Power & Light Company, a public utility, acquired an additional acre of the remainder, for use as a railroad spur track. On direct examination Cutrell testified: "I just considered [the original tract] ruined. What's left is too small . . . " Cutrell also said on direct examination: "I don't see that it has too much value. It's too small for anything commercial. You could build a house on it, but that's about all."

On cross-examination Cutrell was asked about the one-acre sale to the power company. The landowners' counsel objected on the ground that the price paid by a condemnor having the power of eminent domain is not admissible to show market value. *Ark. State Highway Commn.* v. *Lemley*, 252

Ark. 549, 479 S.W. 2d 855 (1972). The highway department insisted, however, that proof of what the power company had paid was admissible on the issue of credibility, Cutrell having testified that the tract had been ruined and could be used only as the site for a house. In sustaining the landowners' objection the trial judge expressed his reluctance to go into the collateral matters that would arise from proof of the terms and circumstances of the power company's purchase.

A trial judge has broad discretion in controlling the scope and extent of cross-examination. *Nelson* v. *State,* 257 Ark. 1, 513 S.W. 2d 496 (1974); *Newell* v. *Arlington Hotel Co.,* 221 Ark. 215, 252 S.W. 2d 611 (1952); *Bartley and Jones* v. *State,* 210 Ark. 1061, 199 S.W. 2d 965 (1947); *King* v. *State,* 106 Ark. 160, 152 S.W. 990 (1913). That the principle is stated in terms of *discretion* means, of course, that the rules are not inflexible, that there is some leeway for the exercise of sound judgment.

Here it cannot be said that the trial court abused its discretion in limiting the cross-examination. On direct examination Cutrell had made no effort to value his tract in dollars and cents, either before or after the taking. He had merely said that the taking had ruined it and that what was left was too small for commercial use. It is unlikely that the jury would have been able to better weigh the credibility of those rather vague statements merely by knowing what sum the power company had paid for the acre that it took.

On the other hand, the possibilities of unfairness to the landowners are great. To begin with, the price paid was not evidence of market value; but would the jury have been able to consider the proof only for the narrow issue of credibility? Even more important, the landowners would have been entitled to show why the strip taken for a spur-track right-of-way had peculiar value to the power company and why the landowners had sold an acre rather than engage in another condemnation case. In the end, this simple condemnation suit might easily have been encumbered by a completely different lawsuit, devoted to the pros and cons of the utility company's acquisition of a spur track. We are not persuaded that such a burdensome procedure was called for, in view of the minimal assistance the jury might have derived from the

proffered proof. (For a similar instance of balancing the worth of impeaching testimony, see Rule 609 of the Uniform Rules of Evidence, which directs the trial court to determine whether the probative value of a previous conviction outweighs its prejudicial effect. Ark. Stat. Ann. § 28-1001 [Supp. 1977].)

Affirmed.

We agree. HARRIS, C.J., and FOGLEMAN and HOLT, JJ.