
Charles MORTON and Ailene MORTON
*v.* Raymond WILEY, d/b/a WILEY
GRAIN AND CHEMICAL COMPANY

80-246                                    609 S.W. 2d 322
Supreme Court of Arkansas
Opinion deliverd December 8, 1980.

320

*Mobley & Smith*, by: *William F. Smith*, for appellants.

*Laws & Swain. P.A.*, by: *William S. Swain*, for appellee.

JOHN A. FOGLEMAN, Chief Justice. Appellants, Charles and Ailene Morton, operated a service station in Atkins, Arkansas. On May 8, 1975, Charles Bryant drove into the station in his truck, running on a rim. He had a new 7.50 × 16 tube type tire which he had just purchased from appellee, Raymond Wiley, doing business as Wiley Grain and Chemical Company, which he wanted mounted in place of

the flat tire on his truck. Don Morton, one of the two sons of appellants, who assisted them in the operation of the station, put the tire on the truck, but called his father when he could not get it to take air. Morton, who is legally blind but can "read a ruler" and "count money," attached an expander to the tire and it began to take air. As he leaned over the gauge, checking the pressure, the tire exploded injuring him severely about the head and shoulders. Later, it was discovered that appellee had sold Bryant the wrong size tire for the tire rim. One of the issues was whether Bryant or appellee was responsible for this. The Mortons brought suit against appellee for damages sustained by Morton when the tire exploded. The jury denied the Mortons any recovery. On appeal the Mortons allege eight points of error. We find no reversible error and affirm.

I

Appellants initially argue that there was reversible error in the solicitation of inadmissible testimony by appellee's attorney in the cross-examination of appellee, who had been called by appellants in their case-in-chief. Appellee's attorney questioned him concerning a conversation he had had with one of appellants' attorneys, Mr. Mobley. The conversation had been mentioned on direct examination in response to a question posed by Mobley to appellee relative to the procedure in selling a customer a product the customer specifically requested. Appellee stated that he usually sold a customer making a specific request exactly what he asked for without going into details of how the product would be used and for what. To illustrate this response appellee recounted an incident where Mobley and his partner, Mr. Smith, came into appellee's store and asked to purchase 10-20-10 fertilizer. Appellee related that he did not ask Smith any particulars as to the size of the lawn or the nature of the use, he merely sold Smith what he had requested. In answering the question by appellants' attorney, Wiley had stated that this incident occurred a day or two after Mrs. Morton had come to Wiley's place of business and asked for the tire, which Wiley had retrieved from the Morton's station within an hour after the explosion. Wiley said that he had refused to let Mrs. Morton take the tire, but had told her she could come and look at it at any time.

The objectionable question was:

> What else did Mr. Mobley tell you when he came down to see you that day and asked for that tire?

Appellee was well into his response and had said that Mobley had said what he was going to do and that the tire companies had a lot of money, before appellants objected on the grounds that the question was meant to elicit self-serving testimony. At this point, the trial judge dismissed the jury and allowed appellee's attorney to make a proffer of the testimony he hoped to bring out through this line of questioning. The proffer revealed that appellee would testify that Mobley approached him and told him that he (Mobley) was just trying to help the Mortons out, that tire companies had a lot of money and that he was going to proceed to get them money to take care of their obligations. Appellee said that he asked Mobley why he did not forget the whole thing. The court held this testimony irrelevant and inadmissible. The trial resumed, after the jury was reseated, and Mobley called his next witness. At no time did appellants move for a mistrial or request that the court give an admonishing instruction. The trial judge sustained appellant's objection, but was not asked to do more. We do not feel that the drastic remedy of declaring a mistrial would have been warranted, even if appellants had moved for that relief. We cannot agree with appellants that the question and answer had obviously been rehearsed. In light of the trial judge's favorable ruling on the objection, it is likely that he would have given an admonition to the jury if one had been requested.

Appellants also contend that appellee's attorney committed reversible error by attempting to mislead the court and jury by arguing that the testimony was admissible on the ground that appellant's attorney had asked Wiley about statements made or a conversation had in the presence of appellant's attorney, citing Ark. Stat. Ann. § 28-1001, Rule 103 (2) (c), relating to the conduct of proceedings so as to prevent inadmissible evidence from being suggested to the jury. No objection, request for admonition or motion for mistrial was made on this ground. We will not consider it because it is an issue first raised on appeal.

Appellants rely on *International Harvester Inc.* v. *Hardin*, 264 Ark. 717, 574 S.W. 2d 260. In that case Rule 615 of the Uniform Rules of Evidence [Ark. Stat. Ann. § 28-1001, (Repl. 1979)] was expressly violated, on a continuing basis, throughout the trial, by the court's improperly excluding a witness from the courtroom, over appellant's objection. We held that the error could not be considered harmless, so we found it necessary to reverse. The evidence to which appellants objected here was held inadmissible. In the absence of a request by appellants for an admonishing instruction and in view of the trial court's ruling in their favor, any error committed in this respect could not be the basis for reversal.

## II

Appellants next argue that the court abused its discretion in forbidding appellant's attorney, on redirect examination, from eliciting an explanation of an answer given by Mrs. Morton on cross-examination. Appellee's attorney had asked Mrs. Morton whether it was true that she had hired legal counsel within three weeks of the accident. She responded that she sought legal counsel when she saw how much her husband was suffering. Appellee's attorney interjected and asked the witness to respond to his question. Appellants' attorney intrerposed and insisted that she be allowed to answer the question. The trial judge ruled that the witness should answer the question, and, if the answer needed an explanation, she could explain after answering and directed appellee's attorney to repeat the question. The examination continued and Mrs. Morton said that she had "more or lesss" employed the attorneys representing appellants to assist in any claim they might have when she and the attorneys went to Wiley's place of business seeking to obtain the tire. Upon further inquiry she said that these attorneys had not told her to keep up with bills and drug bills or that they would be important later.[1] Appellant's attorney then interrupted, telling

[1] Mrs. Morton had testified on direct examination that her husband's medical bills totalled something in the neighborhood of $3,556.21, which was not supported by the bills in many instances, because she was not able to locate them.

the witness that she had previously started to make an explanation. Appellee's attorney objected and the trial judge told appellant's attorney that he would have an opportunity to examine her after cross-examination was concluded. On redirect examination, appellant's attorney asked Mrs. Morton what had occurred to cause her to contact legal counsel and, when an objection was made, the circuit judge questioned the relevancy of the inquiry and sustained the objection after appellants' attorney had said that he sought to show that the reason Mrs. Morton had employed counsel was that she had called Wiley to get the tire and he would not let her have it and would not sell it to her.

The trial judge had a great latitude of discretion in deciding questions of relevancy. We would have to say that his ruling affected a substantial right of appellants before we could say that there was error. Ark. Stat. Ann. § 28-1001, Rule 103 (a) (Repl. 1979). We cannot do this. Appellee's attorney was questioning appellants' failure to present medical bills. We agree with the trial judge that it made no difference why she employed counsel or when.

## III

Appellants object to a statement made by appellee's attorney as he objected to a question posed by appellants' attorney to Charles Wilson, a tire merchant in the community. Wilson asked if, in his opinion, a 17-year-old boy would notice the difference in trying to fit the wrong size tire on the wrong size rim. The statement was:

> We will object to that question, Your Honor, because whether or not a seventeen year old boy — if they had a seventeen year old boy operating this machine, that's just the risk they took.

When objection was made to this statement, the trial judge promptly ruled in appellant's favor and admonished the jury not to consider the statement, and appellee's attorney apologized. Appellants contend that this was insufficient to cure the erorr but they not request more. As justification, they cite *Missouri Pac. Ry. Co.* v. *Glidewell*, 199 Ark. 1187, 137 S.W. 2d 237. There the opposing attorney on voir dire had

asked the veniremen if they would have any prejudice against his counterpart even though 'he was a republican.,' The court admonished the jury not to consider this remark, but on appeal we felt that the question may have evoked prejudices and biases too great to be cured by an admonition. We reversed and remanded for a new trial. A mistrial is an extreme and drastic remedy that will be granted only if justice cannot be served by a continuation of the trial. *Foots* v. *State*, 258 Ark. 507, 528 S.W. 2d 135; *Back* v. *Duncan*, 246 Ark. 494, 438 S.W. 2d 690; *Wicks* v. *State*, 270 Ark. 781, 606 S.W. 2d 366. (1980). Any prejudice here was sufficiently cured by the admonition. To say the least, it was not so great or inherently prejudicial as to excuse appellants from moving for a mistrial.

Appellants argue that if they had requested a mistrial in this instance, the wrong would have been reemphasized. We are not impressed with this contention; as appellee points out, a mistrial may be requested at the bench, out of the hearing of the jury, without any resulting prejuduce. It is anomalous for counsel to avoid requesting a mistrial, when appropriate, because of a fear of compounding a wrong done to his client as prejudicial as he claims this one to be.

In *Foots* we addressed a situation similar to that here. The deputy prosecuting attorney had made some objectionable comments in his opening statement. The trial court admonished the jury to disregard the comments but did not grant a mistrial. On appeal we stated that such a situation does not warrant the granting of a mistrial as the jury is not only admonished to disregard the statement but it is instructed by the court that statements of counsel are not evidence and are not to be considered so. We find this case supportive of our conclusion here that a mistrial, even if requested, would not have been warranted.

## IV

The next point involves the trial court's exercise of discretion in the realm of cross-examination. Appellants contend that the trial court erroneously limited their cross-examination of appellee's expert witness, Bernie Bower,

general manager of a tire and battery organization servicing 135 dealers in Arkansas. In Bower's role as general manager he is called to upon to teach and train dealers on the sale and installation of the brands of tires his company carries. Bower, after testifying on direct examination as to how he would mount and install the tire in question, was asked on cross-examination how he would determine the size tire to be sold to a customer. He stated that if the customer were a man, he would ask him the size tire he wanted and would accept his word on it. However, if a lady came in to buy a tire he would go out and check her car to determine the correct size. Counsel then attempted to pursue further hypothetical examination by asking what Bower would do if the customer were a 17, 18 or 19-year-old boy. Bower attempted to respond, qualifying his answer with the admonition that in most operations 'we' do the installation 'ourselves.' Appellants' counsel interjected that the hypothetical question was limited to the operation of a store, and did not concern the mounting of tires. At this point the trial court put a stop to that line of questioning as going beyond the scope of cross-examination.

Appellants argue that the question should have been permitted in order to show that the witness was not basing his opinion on any reasonable basis, citing *Wallace* v. *Williams*, 263 Ark. 702, 567 S.W. 2d 111. There was no evidence that Charles Bryant, the buyer, was a teenage male so the question did not relate to a material fact at issue. Concededly the question was hypothetical. The court had allowed appellants to ask their hypothetical question with relation to men and women. We cannot see the necessity of pursuing the treatment of specific age brackets within each sex. In *Wallace* the opinion testimony erroneously insulated from impeachment on cross-examination, concerned the amount of medical bills and treatment the injured party would require; it served, in effect, as the basis of the damages. Here the manner in 'which Bower treated those of his customers who were teenage boys was not material.

In *Arkansas State Highway Comm'n.* v. *Dean*, 247 Ark. 717, 447 S.W. 2d 334, an eminent domain action, we found that limiting cross-examination of a real estate appraiser to two to

four comparable sales from a list of 250 he had introduced on direct examination, was an abuse of discretion. However we warned: "We do not mean to say that the court should have permitted a detailed interrogation about each of the 250 sales studied by Barnes." Once the procedure used by Bower in dealing with men as opposed to women customers had been established, it was not abuse of discretion to prohibit appellants from pursuing specific age categories within each sex without some showing that the buyer, Bryant, fell into that group. We will not reverse the trial court's discretion in limiting cross-examination unless we find gross abuse. *Arkansas State Highway Com'n. v. Cutrell*, 263 Ark. 239, 564 S.W. 2d 213; *Henry v. Landreth*, 254 Ark. 483, 494 S.W. 2d 117; *Gustafson v. State*, 267 Ark. 278, 580 S.W. 2d 853. We do not find that here.

## V

Appellants next assert error in the trial court's refusal to permit their asking Betty Wiley, appellee's ex-wife, whether or not she was still in love with appellee. It is their contention that the jury was entitled to this information in order to properly weigh all the testimony of Mrs. Wiley. They insist the question went to any bias Mrs. Wiley might have had in testifying. The jury had been made aware that Betty Wiley was married to appellee at the time Charles Bryant bought the tire; in fact, she was the salesperson who wrote up the sale. The sales tickets, an original and a duplicate, were introduced through her.

We cannot see how appellants were prejudiced. When the trial judge ruled that the question was improper, appellants' attorney stated that the purpose of the question was to show the present relationship between the parties. The judge stated that he could do so otherwise. In spite of this, appellants' attorney did not pursue the matter further. The court only excluded the particular question. We do not see how any substantial right of appellants was affected, since the court did not otherwise limit the examination as to the relationship between the parties. In listening to the testimony of Mrs. Wiley, the jury was aware that she and appellee had been married at the time of the sale and were now divorced.

In the absence of an abuse of discretion, we affirm the trial court's limiting of cross-examination. *Henry* v. *Landreth*, supra; *Arkansas State Highway Com'n.* v. *Cutrell*, supra. In view of the appellants' tactical decision not to pursue the matter, they are in no position to argue an abuse of discretion.

## VI

Neither of the parties desired to invoke the rule on sequestering witnesses when inquiry was made by the trial court at the beginning of the trial. After appellee was called by appellants as their first witness and had given testimony identifying himself, counsel for appellee requested the rule. The court granted the request. Appellants claim that in so doing the court abused its discretion. We not that the rule is mandatory when requested by one or both of the parties. Uniform Rules of Evidence, § 28-1001 R. 615 (Repl. 1979); *Chambers* v. *State*, 264 Ark. 279, 571 S.W. 2d 79. Even if we should conclude that application of the rule was discretionary, rather than mandatory, at this stage of the trial, there was no abuse of discretion.

## VII

Appellants assert error in appellee's counsel's comment on the law while cross-examining one of appellants' witnesses, who as a seller of tires at retail, testified as an expert. The witness had responded to a question concerning his opinion as to appellee's negligence as related to the limitation of appellee's business only to the sale of tires and not to mounting them, as the witness did. The witness had stated that he did not feel that there is any less liability just because an individual's business scope is different. At this point appellee's counsel remarked:

> Well, of course, liability is something the Court and the Jury will determine and that's something that's connected with cause . . .

Appellants objected but the judge did not rule on their motion stating that he had not heard the remark. The trial

resumed. Here again appellants failed to pursue any remedy, either through admonition or mistrial.

The jury was instructed that remarks made by counsel during trial are not evidence and that it should disregard any arguments, statements or remarks of attorneys having no basis in the evidence. The type of remark made here would not have been sufficient to cause a mistrial. *Wicks* v. *State*, supra. It was argumentative, but not an incorrect or misleading statement.

## VIII

Appellants finally argue the insufficiency of the evidence to support the verdict. They contend that the jury verdict is contrary to the preponderance of the evidence. We cannot sustain appellants' contention since they are in error as to the applicable standard of review. In determining the sufficiency of the evidence to support a jury verdict, we affirm if there is substantial evidence to support the verdict. *Thrifty-Rent-A-Car* v. *Jefferey*, 257 Ark. 904, 520 S.W. 2d 304. If we apply the correct standard of review, we must nonetheless affirm, as there was substantial evidence to support the verdict.

The jury verdict is affirmed.