Charles B. MENARD *v.* CITY OF CARLISLE

CR 91-282 834 S.W.2d 632

Supreme Court of Arkansas
Opinion delivered June 8, 1992

*Berry & Mejia,* by: *Russell D. Berry,* for appellant.

*Winston Bryant,* Att'y Gen., by: *J. Brent Standridge,* Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. We affirm the judgment of conviction for driving while under the influence of intoxicants. The primary issue is whether A.R.E. Rule 615, the witness sequestration rule, is waived when counsel fails to ask for "the rule" before the testimony begins.

The State's first witness in its case-in-chief had answered a few preliminary questions when appellant's counsel asked for the rule. The city attorney objected and said it was "too late now." The appellant's attorney responded, "Why? I mean, the matter was not addressed before we began the trial of the matter." Nothing more was said. The trial court, apparently relying on an interpretation of A.R.E. Rule 615 by the court of appeals in *Dillard* v. *State,* 20 Ark. App. 35, 723 S.W.2d 373 (1987), denied the motion and refused to exclude the other witnesses. The appellant made no arguments below about the validity of *Dillard,* but now on appeal argues that the case constitutes an erroneous interpretation of the rule and should be reversed. While the argument is valid, it was not raised below and we will not consider arguments for reversals which were not raised below. As we wrote in *Fretwell* v. *State,* 289 Ark. 91, 98, 708 S.W.2d 630, 634 (1986), "[I]t is our intention to require one who wishes to change the law to raise the matter in the trial court and give his adversary notice of the matter and an opportunity to make a timely record. To allow any other procedure would be to allow endless and untimely litigation." We require that arguments to change the law be raised in the trial court even in capital

cases, unless they involve a fundamental deprivation of the right to a fair trial. *Sumlin* v. *State*, 273 Ark. 185, 617 S.W.2d 828 (1982). Thus, we do not consider overruling *Dillard* as a ground for reversal of appellant's conviction.

Appellant alternatively argues that even if the interpretation of A.R.E. Rule 615 by the court of appeals in *Dillard* prevails in this case, the trial court abused its discretion in denying the motion. Again, the appellant did not suggest to the trial court that any type of weighing was necessary or that the ruling might constitute an abuse of discretion. Accordingly, we do not consider the argument.

Even though we hold that the trial court did not err on the points argued in this case, it would be misleading to leave standing the opinion in *Dillard* because it would only cause additional confusion and unnecessary appeals. Before the current Arkansas Rules of Evidence were adopted, we had two statutes providing for "the rule." One statute governed civil trials and the other governed criminal trials. The civil statute provided the trial judge "may" exclude witnesses. We held that its application was discretionary with the trial judge. The criminal statute provided the trial judge "shall" exclude witnesses under the rule, and we held that it was error for a trial judge to refuse to exclude witnesses for the reason that the motion had not been made at the beginning of the trial. *Vaughn* v. *State*, 252 Ark. 505, 470 S.W.2d 873 (1972); *Act 243: Exclusion of Witnesses in Criminal Actions, 9 Ark. L. Rev.* 402 (1954-55). The present rule, A.R.E. Rule 615, is similar to the old criminal statute. It provides, in part: "At the request of a party the court *shall* order witnesses excluded. . . ." (Emphasis added.) We have said many times that by its clear language this rule is mandatory. *See, e.g., Morton* v. *Wiley Grain & Chem. Co.*, 271 Ark. 319, 609 S.W.2d 322 (1980). However, while we have held that A.R.E. Rule 615 is mandatory, we have not ruled on whether it must be requested before testimony commences.

"Rule 615 does not specifically require that the exclusionary request be made at any particular stage of the trial." *Wood* v. *Southwestern Bell Tel. Co.*, 637 F.2d 1188, 1194 (8th Cir. 1981). "It need not be demanded at the very opening of the testimony; at any time later, when the supposed exigency arises,

the order may be requested." 6 *Wigmore on Evidence* § 1840 (1976). "No time period is specified in which to make the request." *McCormick on Evidence* § 50 (4th ed. 1991). The court of appeals, in making its holding to the contrary in *Dillard*, cited our case of *Morton* v. *Wiley Grain & Chem. Co.*, 271 Ark. 319, 609 S.W.2d 322 (1980), as authority for the proposition that the trial court has "discretion to grant such a request after the trial has commenced." We do not so understand our case. Accordingly, we overrule that part of *Dillard* v. *State*, 20 Ark. App. 35, 723 S.W.2d 373 (1987), that holds that the trial court has discretion to refuse to grant a request for the rule solely because the trial has commenced.

Appellant's next assignment of error involves the trial court's refusal to suppress evidence. Before discussion the various arguments under this point, it is necessary that we detail the facts surrounding the arrest. Todd Turner, a policeman for the City of Carlisle and a certified law enforcement officer, was on duty inside the city in his patrol car when a passing motorist stopped and told him that a newer model red Chevrolet pickup truck was being driven in an erratic manner on nearby Interstate 40. The motorist told Officer Turner that the truck had been driven onto the median to pass several cars and in doing so had run over some traffic control barrels. While Officer Turner was close to Interstate 40, he knew that location described was outside the City and in an unincorporated part of Lonoke County. By car radio he notified the city police dispatcher who in turn notified the Arkansas State Police and the Lonoke County Sheriff's Department. Lonoke County Deputy Sheriff Jerry McClendon heard the radio messages and testified as follows:

> Officer Turner advised his dispatcher—I could hear him on—we've got two different kind of radio. We've got what we call a low band and a high band. I heard him advise his dispatcher that someone had stopped in and told him there was a drunk traveling on the interstate passing in the median, hitting barrels, running cars off the road. His dispatcher got a hold of our dispatcher. I told them that I was aware of the traffic, and I advised Officer Turner to go out there and see if he could stop him because I was on Highway 31 North. I was north of Carlisle—not Carlisle,

> Lonoke. You know, it would take me a time to get down there. If he was driving the way he were saying, see if he could get him stopped for me.

The City of Carlisle previously had passed a resolution authorizing its officers to go out into the unincorporated part of Lonoke County for an emergency when requested to do so by the Lonoke County Sheriff's Office. The resolution provided that the Chief of Police "may" grant permission before the officers leave the city. The Chief gave permission to Officer Turner to respond to an emergency in the county if the Sheriff's Office should request emergency assistance. Officer Turner responded to this emergency in the County. He testified:

> At approximately the 181 mile marker I run on the vehicle that fit the description of the one that was given me of a red Chevrolet pickup, a newer model. I got in behind the vehicle to observe it. It struck two barrels while I was behind it, and it was weaving within that one construction lane quite a bit. I was hoping to be able to wait until I got out of the construction, but due to his erratic driving, I went ahead and stopped him about—I guess about 182—I'm sorry, about 180, and went ahead and made the stop on him right there, because as bad as he was driving, that was too. dangerous to let him drive any further.

Appellant was driving the truck, and he was drunk. Officer Turner placed the appellant under arrest and held him for Deputy McClendon who arrived in a few minutes and took custody of the appellant. Deputy McClendon took the appellant to the police station in Carlisle, the nearest police station with a breathalyzer machine, to determine appellant's blood alcohol content. Later, Officer Turner issued a citation to appellant to appear in the Municipal Court of Carlisle for the offense of driving while under the influence of intoxicants.

Appellant argues that the evidence of his driving and being under the influence should be suppressed for a number of reasons. He first argues that his extraterritorial arrest was illegal, and thus the evidence should be suppressed. The pertinent statute provides:

> A certified law enforcement officer who is outside his

jurisdiction may arrest, without warrant, a person who commits an offense within the officer's presence or view, if the offense is a felony or a misdemeanor. A certified law enforcement officer making an arrest under this subsection shall, as soon as practicable after making the arrest, notify the law enforcement agency having jurisdiction where the arrest was made. The law enforcement agency shall then take custody of the person committing the offense and take the person before a magistrate. Statewide arrest powers for certified law enforcement officers will only be in effect when the officer is working outside his jurisdiction at the request of or with the permission of the municipal or county law enforcement agency having jurisdiction in the locale where the officer is assisting or working by request. Any law enforcement agency exercising statewide arrest powers under this section must have a written policy on file regulating the actions of its employees relevant to law enforcement activities outside its jurisdiction.

Ark. Code Ann. § 16-81-106(c) (Supp. 1991).

■ Appellant argues that the arrest was not in compliance with the above statute because the misdemeanor was not committed in the officer's presence. We summarily dispose of the argument. The officer received a report of a newer model red Chevrolet pickup truck being driven in an erratic manner. The officer went to the location and observed the truck being driven in such a hazardous manner that it was necessary to stop the truck at that very moment rather than wait for it to pass through the area of road construction. The officer stopped the truck, observed that appellant was drunk, and arrested him. The misdemeanor was committed in the officer's presence.

■ Appellant also argues the statute was not complied with because the city resolution did not provide for statewide arrest authority. The short answer to this argument is that the statute does not require that the local government must make its officers travel statewide. There is no language in the statute that would prohibit limiting the officer's official travel to a particular area of the state.

■ Appellant argues that Officer Turner did not have the permission of the Carlisle Chief of Police to go outside the city

limits to make the arrest. The Chief of Police, Roy Skillern, testified that he had given his permission to Officer Turner to go into the county upon an emergency request by the Sheriff's office.

█ Appellant argues that the evidence should be suppressed because the arresting officer did not notify the law enforcement agency having jurisdiction as soon as practicable after the arrest. The officer from the law enforcement agency having jurisdiction, Deputy Sheriff McClendon, arrived soon after the arresting officer, city officer Turner, made the arrest and the deputy sheriff immediately took custody of appellant.

█ Appellant additionally contends that the City lacked authority to prosecute appellant for an offense occurring outside the jurisdiction of the City, and therefore the trial court erred in refusing to suppress the evidence. No citation of authority, and no real argument is given for the proposition. It is not readily apparent to us why an erroneous police citation would invalidate a prior valid arrest. Assignments of error unsupported by convincing argument or authority will not be considered on appeal unless it is apparent without further research that they are well taken. *Dixon* v. *State*, 260 Ark. 857, 545 S.W.2d 606 (1977). In addition, the Municipal Court of Carlisle, the court in which appellant was charged, had countywide jurisdiction and the Circuit Court of Lonoke County, to which appellant appealed, had jurisdiction of the offense because it occurred in that county. Also, the Lonoke County Circuit Court afforded appellant a trial de novo. *See Ashworth* v. *State*, 306 Ark. 570, 816 S.W.2d 597 (1991).

█ Appellant's next assignment of error is that the trial court erred in refusing to suppress the evidence of the breathalyzer test. The trial court did not rule on appellant's motion, and the matter is therefore precluded from review. *Shaw* v. *State*, 299 Ark. 474, 773 S.W.2d 827 (1989). We are aware that appellant contends that the trial court did rule on the motion and cites us to a page in the record which, he contends, sets out the ruling. We have looked at the page cited by appellant, and it is true that the trial judge did mention suppressing the breathalyzer tests. However, from the context of the judge's statement, it seems clear enough that the judge was not ruling on the merits of the motion. The judge made the statement after the appellant

already had been found guilty.

 Appellant's final assignment is that the trial court erred in admitting State's exhibit seven, the document showing his first conviction for driving while under the influence. The objection at trial, if indeed it was one, was "I have a little bit of a problem with exhibit number seven . . . this is a computer-generated document that is part of the recordkeeping process at Dumas as opposed to the docket showing the disposition of his case." Appellant now argues that the document was inadmissible hearsay. The hearsay objection was not made below and therefore is not preserved for appeal. *Parette v. State*, 301 Ark. 607, 786 S.W.2d 817 (1990). In this assignment appellant also contends that he was improperly convicted of the second offense inasmuch as he was only charged with first offense driving while under the influence. However, this argument was not made in the trial court, and this court does not consider issues which are raised for the first time on appeal. *Moore v. State*, 303 Ark. 514, 798 S.W.2d 87 (1990).

Affirmed.

HAYS, GLAZE, and CORBIN, JJ., concur.

TOM GLAZE, Justice, concurring. The majority holds A.R.E. Rule 615, the witness sequestration rule, is mandatory if requested by a party at any stage of a trial. Such a decision is at odds with the court's long line of cases that hold a defendant has the burden of actually demonstrating prejudice from an error. *Watson v. State*, 291 Ark. 358, 724 S.W.2d 478 (1987); *Vasquez v. State*, 287 Ark. 468, 701 S.W.2d 357 (1985); *Berna v. State*, 282 Ark. 563, 670 S.W.2d 434 (1984). Under today's decision, this court must reverse a trial court's refusal to invoke the rule even though a party strategically waits towards the end of trial to make his motion and would suffer no harm from the court's denial.

For some reason, the majority opinion addresses the issue, "at what stage of the trial must a party request the rule?" No question, a party can ask to invoke the rule at any time. The issue is should the trial court have any discretion to decide a party is unentitled to the witness sequestration because counsel delayed in his or her request and no prejudice would result from denial of the

request. Clearly, a party should have the opportunity to show how a denial of a belated request for the rule could prejudice the party's case, but the trial court would then be placed in a position to exercise its discretion in making a decision, just like the trial court does regarding any other procedural or evidentiary question raised at trial. There is absolutely no reason to apply a different rule or standard when addressing Rule 615 issues.

The majority opinion alludes to *Wood* v. *Southwestern Bell Tel. Co.*, 637 F.2d 1188 (8th Cir. 1981), for the proposition that Rule 615 does not specifically require the exclusionary request be made at any particular stage of the trial. Again, that is not the issue here since no one questions that a party may invoke the rule at any stage. The *Wood* case unequivocally supports my view of Rule 615, as the following passage from that opinion reveals:

> It is clear from the wording of Rule 615 that generally the exclusion of witnesses so they cannot hear the testimony of other witnesses is required when requested by a party. *United States* v. *Warren*, 550 F.2d 219, 227 (5th Cir. 1977), *rehearing denied*, 559 F.2d 605 (5th Cir.), *cert. denied*, 434 U.S. 1016, 98 S.Ct. 735, 54 L.Ed.2d 762 (1978). Rule 615 does not specifically require that the exclusionary request be made at any particular stage of the trial.
>
> *We need not decide whether the exclusionary request made by appellant was erroneously denied, for the law requires that any such error must be one that is prejudicial to the party requesting exclusion. Otherwise, it will be considered harmless error. United States* v. *Warren, supra. The record does not reveal, and the appellant has been unable to show, that she was prejudiced by the ruling of the district judge. There has been no showing that the credibility or substance of any of the testimony from non-management employees was adversely affected. Nor can an inference of adverse effect be fairly drawn from the record.* (Emphasis added.)

For the above reasons, I respectfully disagree with the majority court's decision to require automatic reversal of the trial court's refusal to invoke the witness sequestration rule and to overrule on this point the court of appeals' holding in *Dillard* v.

*State*, 20 Ark. App. 35, 723 S.W.2d 373 (1987). I otherwise agree with the result reached by the court.

HAYS and CORBIN, JJ., join this concurrence.