James F. (J.F.) VALLEY *v.* PHILLIPS COUNTY ELECTION
COMMISSION, Joann Smith, Linda White, Jesse L. Smith, III
and Hon. L.T. Simes, II, Judge

03-1137 183 S.W.3d 557

Supreme Court of Arkansas
Opinion delivered May 20, 2004

*Etoch & Halbert Law Firm*, by: *Charles Halbert*; and *J.F. Valley, Esq., P.A.*, by: *J.F. Valley*, for appellant.

No response.

Jim Hannah, Justice. J.F. Valley appeals a decision of the Phillips County Circuit Court disqualifying Charles Halbert from serving as Valley's attorney. Valley alleges that the circuit court abused its discretion by misinterpreting the law on recusal, and rather

than recusing, disqualified Halbert to resolve a conflict presented by Halbert's law partner being the circuit judge's opponent in the coming election. No brief was filed on behalf of the circuit court. We find no abuse of discretion. The decision to disqualify Halbert was not made thoughtlessly or without due consideration; rather, the decision shows the exercise of sound judgment within the discretion allowed in considering disqualification of attorneys.

Pursuant to Ark. R. App. P.—Civ. 2(a)(8) (2003), disqualification of an attorney is immediately appealable, and this court has jurisdiction pursuant to Ark. Sup. Ct. R. 1-2(a)(4) and (b)(1) (2003).

*Facts*

This case arises from a motion to recuse filed in an election contest. The election of September 16, 2003, included the position of School Board Director of Helena West School District No. 2 - Zone 3. J.F. Valley and Jesse L. Smith were candidates. The Phillips County Election Commission certified the results as 151 votes for Valley and 154 votes for Smith. Valley drafted a *pro se* Petition for Writ of Mandamus and for Declaratory Relief challenging the election results.

On September 22, 2003, Valley sent Annetta Carruth, an employee of the Wilson & Valley law firm, to the courthouse to file the petition. Deputy Clerk Carolyn Shane received the petition at the courthouse and filed it. As a part of filing, Shane "drew" a judge to assign the case. The judge drawn was Judge L.T. Simes. Shortly after the case was assigned to Judge Simes, Valley walked into the clerk's office. Shane testified that upon being told that the case was assigned to Judge Simes, Valley stated, "Judge Simes again."

Three days later on September 26, 2003, Charles Halbert entered his appearance as counsel for Valley by filing a motion for recusal asserting that Judge Simes had to recuse because Halbert's law partner Louis Etoch was a candidate for circuit judge opposing Judge Simes. Judge Simes had previously recused and entered an order recusing from cases where Etoch or Halbert were counsel. The facts showed that prior to accepting representation of Valley, Halbert was aware Judge Simes was recusing on Etoch's and Halbert's cases. In the motion for recusal, Valley also asserted that Judge Simes was biased.

A hearing on the motion to recuse was held on September 29, 2003. The circuit court found that Halbert was retained by

Valley to try to force Judge Simes to recuse. The circuit court then denied the motion to recuse, finding that Valley and Halbert engaged in a "deliberate effort to manipulate the Court system." Halbert was then disqualified, and Valley was asked if he wished to proceed. The election case was tried that day, but this appeal involves only the disqualification of Halbert.

*Standard of Review*

 Valley appeals the disqualification of an attorney. We review a trial court's decision to disqualify an attorney under the abuse-of-discretion standard. *Craig v. Carrigo*, 340 Ark. 624, 12 S.W.3d 229 (2000); *Seeco, Inc. v. Hales*, 334 Ark. 134, 969 S.W.2d 193 (1998); *Berry v. Saline Memorial Hosp.*, 322 Ark. 182, 907 S.W.2d 736 (1995). We have held that the Model Rules of Professional Conduct are applicable in disqualification proceedings. *Berry, supra; See also, Norman v. Norman*, 333 Ark. 644, 970 S.W.2d 270 (1998); *Saline Memorial Hosp. v. Berry*, 321 Ark. 588, 906 S.W.2d 297 (1995). Disqualification can be warranted in the absence of an ethical violation. *Craig, supra.* It is a drastic measure to be imposed only where clearly required by the circumstances. *Id.*

*Discussion*

Valley first argues that the circuit court erred in failing to recuse. Valley sets out a lengthy argument attempting to show why the circuit court should have recused. However, Valley states that the issue on appeal is "whether the trial judge abused his discretion in disqualifying Charles Halbert." The notice of appeal states that the order disqualifying Halbert is being appealed. There is no mention of recusal. Thus, the issue is not whether the circuit court abused its discretion in refusing to recuse. Our analysis is therefore limited to the disqualification of Halbert.

 The circuit court believed that Valley was "judge shopping," or in other words that Valley retained Halbert to force Judge Simes to recuse. In *Seeco, supra*, this court stated, "This court has long adhered to a firm and unwavering policy against 'judge shopping' by attorneys, and we will not abide an orchestrated effort to force a judge's removal from a case." *Seeco*, 334 Ark. at 140. It is impermissible for parties or counsel to create an infirmity for the purpose of forcing a judge to recuse. *Irvin v. State*, 345 Ark. 541, 49 S.W.3d 635 (2001); *State v. Clemmons*, 334 Ark. 440, 976

S.W.2d 923 (1998); *Secco, supra.* This court has carefully guarded against any action that would "open the flood gates to judge shopping." *Patterson v. Isom,* 338 Ark. 234, 992 S.W.2d 792 (1999); *Dougan v. Gray,* 318 Ark. 6, 884 S.W.2d 239 (1994).

■ ■ The logical conclusion that arises from the above noted facts is that Valley concluded that he would be better served by a judge other than Judge Simes. The facts show Valley wanted a judge other than Judge Simes. The desire for a different judge does not support disqualification of a judge. *See, e.g., Worth v. Benton County Circuit Court,* 351 Ark. 149, 89 S.W.3d 891 (2002). A judge bears a duty not to recuse when no prejudice exists. *Worth, supra.*

[7-9] A trial court has the inherent authority to protect the integrity of the court in actions before it. *City of Fayetteville v. Edmark,* 304 Ark. 179, 801 S.W.2d 275 (1990). Under the Arkansas Code of Judicial Conduct Canon 1 (2003), a judge bears a duty to uphold the integrity and independence of the judiciary. Further, a judge bears a duty and responsibility to disqualify counsel where counsel is guilty of conduct which is "unprofessional or otherwise improper." *Norman v. Norman,* 333 Ark. at 651. The Model Rules on Professional Conduct were discussed and referred to by the circuit court at the hearing. The rules of professional conduct are applicable in a disqualification proceeding. *Norman, supra.* The circuit court specifically referred to Rule 1.16, which discusses declining representation. Specifically, the circuit court asked Valley if representation was undertaken as a way to "shop for a judge. . . ." Halbert was asked if there was an attempt to "manipulate the system." Model Rule 1.16(a)(1) (2003) provides that representation shall not be undertaken where the representation will result in a violation of the rules of professional conduct or other law. "Judge shopping" is not permissible and is a violation of rule 1.16.

■ As already noted, the standard of review is abuse of discretion. An abuse of discretion means a discretion improvidently exercised, i.e., exercised thoughtlessly and without due consideration. *Southern Farm Bureau Cas. Co. v. Daggett,* 354 Ark. 112, 118 S.W.3d 525 (2003); *Ford Motor Co. v. Nuckolls,* 320 Ark. 15, 894 S.W.2d 897 (1995); *Nazarenko v. CTI Trucking Co.,* 313 Ark. 570, 856 S.W.2d 869 (1993). Discretion means that the rules are not inflexible, that there is some leeway in the exercise of sound judgment. *Ark. Hwy. Comm'n v. Cutrell,* 263 Ark. 239, 564

S.W.2d 213 (1978). Here, the circuit court suspected judge shopping, looked at the record, and heard testimony. Disputed facts and determinations of the credibility of witnesses are within the province of the factfinder. *Farmers Home Mut. Fire Ins. Co. v. Bank of Pocahontas*, 355 Ark. 19, 129 S.W.3d 832 (2003). Based on the record and the facts, the circuit court concluded that Valley retained Halbert to force recusal. The circuit court properly raised the issue. The conclusion that Valley was "judge shopping" was not thoughtlessly reached or made without due consideration. We cannot say that the circuit court abused its discretion. The circuit court exercised judgment within the discretion allowed in disqualification of attorneys.

Affirmed.

DICKEY, C.J., not participating.