The Honorable Marc McCune Prosecuting Attorney Twenty-First Judicial District 206 South 3rd Street Van Buren, Arkansas 72956
Dear Mr. McCune:
I am writing in response to your request for an opinion regarding the following questions:
 1. Is it ethical for a City Attorney or Deputy City Attorney, who serves as prosecutor in the city division of a given court pursuant to A.C.A. § 16-21-115, to simultaneously represent criminal defendants in the county division of the same court?
 2. If the answer to question one is no, does the judge have the authority to prevent the offending attorney from appearing either as prosecutor or defense attorney until the unethical behavior is corrected?
 3. If the answer to question two is yes and the offending attorney refuses to abide by the judge's order preventing his appearance, may the judge hold said attorney in contempt?
As background for these questions, you stated:
 The Crawford County District Court is located in the City of Van Buren. It is the only District Court in Crawford County, has countywide jurisdiction, and has one judge. In addition to the Civil and Small Claims divisions, the Court also maintains three other *Page 2 
divisions for the prosecution of criminal and traffic offenses. One [of these] division[s] is the "County" division wherein prosecutions are handled by a Deputy Prosecutor from the Crawford County Prosecuting Attorney's Office. Another division is the "City of Van Buren" division wherein prosecutions are handled by the Van Buren City Attorney's Office. Currently these prosecutions are mainly handled by the Deputy City Attorney unless he is unavailable, at which time the City Attorney temporarily fills in. The trial dockets for the County and City divisions are not conducted together but separately, however twice weekly arraignment dockets for both divisions are conducted at the same time. Another division is for the City of Kibler wherein prosecutions are handled by the appointed Kibler City Attorney, who, at this time, happens to also be the Van Buren City Attorney.
 The Deputy Van Buren City Attorney, as a private attorney from the private law firm of the current Van Buren City Attorney has entered his appearance as defense counsel in two cases (one traffic, the other criminal) appearing on the docket of the County division of the District Court; the same court in which he appears as prosecutor for the City of Van Buren division.
RESPONSE
You may initially note that I have consolidated and paraphrased your questions. This was done in order to provide a clearer response, as I have found no authority that leads me to believe that the answers are different for a city attorney and a deputy city attorney. In addition, the content of this opinion is based on my assumption that the Deputy City Attorney and City Attorney in question are acting as prosecutors pursuant to A.C.A. § 16-21-115. I have also assumed that the facts contained in your opinion request are correct as they relate to both the behavior described and the organization of the Crawford County District Court. It is appropriate to note that while final decisions regarding the permissibility of an attorney's behavior may be made by the Arkansas Supreme Court Committee on Professional Conduct, this office has some history of opining on ethical issues. E.g., Op. Att'y Gen. 96-370. Moreover, your questions present legal issues because an Arkansas court may consider whether an attorney's behavior conforms to the Arkansas Rules of Professional Conduct when deciding whether he or she should be disqualified from representing a given client. *Page 3 
In response to your first question, it is my opinion that the conduct in question would: 1) negatively impact the public perception of the administration of justice; and 2) constitute a concurrent conflict of interest under Rule 1.7 of the Arkansas Rules of Professional Conduct. For these reasons, it is my opinion that the conduct you describe is ethically impermissible. In response to your second question, it is my opinion that because the conduct described is unethical and violates Rule 1.7 of the Arkansas Rules of Professional Conduct, the judge has the ability and even the duty to disqualify the offending attorney. In response to your third question, it is my opinion that appearing in court on behalf of a client when one has been ordered disqualified constitutes disobedience of a court order, which is punishable through the court's inherent power of contempt.
Question 1: Is it ethical for a City Attorney or Deputy City Attorney,who serves as prosecutor in the city division of a given court pursuantto A.C.A. § 16-21-115, to simultaneously represent criminal defendantsin the county division of the same court?
Under A.C.A. § 16-21-115, a city attorney may be designated to prosecute, in the name of the state in district court, violations of state misdemeanor law occurring within the city limits. That section provides:
 A prosecuting attorney may designate the duly elected or appointed city attorney of any municipality within the prosecutor's district to prosecute in the name of the state in the district and city courts violations of state misdemeanor laws, which violation occurred within the limits of the municipality, if the city attorney agrees to the appointment.
A.C.A. § 16-21-115 (Supp. 2007).
I am not aware of any statute prohibiting the activity you describe; however, your questions are couched in terms of the ethical implications of such activity. This office has previously opined that, although a part-time prosecutor is not statutorily limited in the scope of his private practice, he or she should not, ethically speaking, take a private position which appears contrary to his or her public duties. Op. Att'y Gen. 95-083. Moreover, this office has specifically opined that, because of his role as a prosecutor, a city attorney cannot ethically represent criminals before a criminal court anywhere in his judicial district. Ops. Att'y Gen. 95-243; *Page 4 
99-091. This is because the public perception of the administration of justice could be negatively impacted to a significant degree where a city attorney appears as a prosecutor in the same courts where he privately represents criminal defendants. Op. Att'y Gen. 95-243.
Moreover, Arkansas courts have recently analyzed prosecutors' conflicts of interest in terms of the rules of professional conduct governing attorney/client relationships. See Avery v. State,93 Ark. App. 112, 217 S.W.3d 162 (2005) (analyzing a conflict of interest involving a prosecutor's prosecution of a former client under Arkansas Rule of Professional Conduct 1.9). In the instance at hand, the conflict of interest would be a concurrent one, as your factual scenario has the Deputy City Attorney representing the government as a prosecutor while continuing to represent private clients against the government as a defense attorney. See Op. Att'y Gen. 96-370 (opining that a prosecutor's representation of criminal defendants outside his or her judicial district may be unethical.) Arkansas Rule of Professional Conduct 1.7, "Concurrent Conflicts," provides that an attorney may not ordinarily act as an advocate against a current client. In Advisory Opinion 2001-01, the Arkansas Bar Association opined that, under Rule 1.7, a law firm could not ethically undertake a lawsuit against a city where one of the firm's members served as a deputy city prosecutor. This opinion states, in relevant part:
 [R]ecent judicial opinions give this committee guidelines. In recent years the Arkansas Supreme Court has applied the appearance of impropriety concept to conflict of interest disputes.
 * * * To all outward appearances, while the firm is representing the city in criminal matters, it would be suing the city in a civil matter. Such a conflict is intolerable.
Arkansas Bar Assoc., Advisory Op. 2001-01.
The above cited advisory opinion also references the case of City ofLittle Rock v. Cash, 277 Ark. 494 (1982). In that case, the Supreme Court found that the trial court erred in refusing to disqualify an attorney who was representing the city in other matters at the same time he was suing the city in the case at bar. Id. *Page 5 
These authorities appear to stand for the proposition that an attorney for the government may not simultaneously represent other clients against the government. It is true that Rule 1.7 permits dual representation where both affected clients give informed consent, confirmed in writing. However, some jurisdictions adhere to a per-se rule that a government entity may not waive its attorney's conflict of interest. Annotated Model Rules of Professional Conduct, 131 (6th ed. 2007). These jurisdictions typically rely on the public interest and the outward appearance of impropriety. Id. Arkansas case law suggests that Arkansas adheres to such a per-se rule. In the previously cited caseCity of Little Rock v. Cash, the Arkansas Supreme Court approvingly cited the following language from the Supreme Court of New Jersey:
 Dual representation is particularly troublesome where one of the clients is a governmental body. So, an attorney may not represent both a governmental body and a private client merely because disclosure was made and they are agreeable that he represent both interests . . . [w]here the public interest is involved, he may not represent conflicting interests even with consent of all concerned.
277 Ark. at 510 (internal quotes and citations omitted).
In sum, I believe that the conduct that you described would: 1) negatively impact the public perception of the administration of justice; and 2) constitute a concurrent conflict of interest under Rule 1.7 of the Arkansas Rules of Professional Conduct. Furthermore, the case law indicates that this conflict could not be waived through informed consent. For these reasons, it is my opinion that a City Attorney or Deputy City Attorney, who serves as prosecutor in the city division of a given court pursuant to A.C.A. § 16-21-115, cannot ethically represent criminal defendants in the county division of the same court.
Question 2: If the answer to question one is no, does the judge havethe authority to prevent the offending attorney from appearing either asprosecutor or defense attorney until the unethical behavior iscorrected?
Arkansas case law clearly provides that where counsel appearing before the court has engaged in unprofessional or unethical conduct, the judge may disqualify the offender: *Page 6 
 A trial court has the inherent authority to protect the integrity of the court in actions before it. . . . Further, a judge bears a duty and responsibility to disqualify counsel where counsel is guilty of conduct which is unprofessional or otherwise improper. . . . The rules of professional conduct are applicable in a disqualification proceeding.
Valley v. Phillips County Election Commission, 183 S.W.3d 557,357 Ark. 494, 496 (2004) (emphasis added).
I opined in response to your first question that the conduct you describe violates Arkansas Rule of Professional Conduct 1.7. The Arkansas Supreme Court has stated:
 Rule 1.7 of the Arkansas Rules of Professional Conduct sets forth that, generally, a lawyer cannot represent a client if the representation involves a concurrent conflict of interest. . . . Most importantly, Rule 1.7 requires disqualification if there is a concurrent conflict of interest.
Whitmer v. Sullivent, 373 Ark. 327, __S.W.3d __ (2008) (emphasis added).
Because I believe that the conduct described in your opinion request is unethical and violates Rule 1.7, it is my opinion that the judge has the ability and even the duty to disqualify the offending attorney.
Question 3: If the answer to question two is yes and the offendingattorney refuses to abide by the judge's order preventing hisappearance, may the judge hold said attorney in contempt?
"Arkansas law is settled that an act is contemptuous if it interferes with the order of the court's business or proceedings or reflects upon the court's integrity." Perroni v. State, 358 Ark. 17, 186 S.W.3d 206
(2004). Moreover, "[d]isobedience of any valid order of a court having jurisdiction to enter it may constitute contempt, punishment for which is an inherent power of the court." Aswell v. Aswell, 88 Ark. App. 115,195 S.W.3d 365 (2004) citing Gatlin v. Gatlin, 306 Ark. 146,811 S.W.2d 761 (1991). In Perroni v. State, the Arkansas Supreme Court confirmed that an attorney may be held in criminal contempt for failure to appear in violation of a scheduling order. 358 Ark. at 25,186 S.W.3d at 211. *Page 7 
It is my opinion that appearing in court on behalf of a client when one has been ordered disqualified constitutes disobedience of a court order. Accordingly, under the above cited case law, such action would be punishable through the court's inherent power of contempt. If an attorney can be held in contempt for failing to appear when he has been told to do so, it reasonably follows, in my opinion, that an attorney can be held in contempt for appearing when he has been told not to do so.
Assistant Attorney General Jennie Clingan prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL, Attorney General *Page 1