Josephine Linker Hart, Justice, dissenting. The majority’s decision to remand this case to settle the record is troubling. There is no record to settle. Appellee did not file a written motion to disqualify Attorney Halbert. Likewise, it is not disputed that appellee did not even make an oral motion to disqualify Attorney Halbert. In fact, in his brief, appellee confirms this fact and even goes so far as to distance himself from the circuit court’s ruling. He states: Appellee takes no position on the disqualification of Appellant’s attorney. Ap-pellee never asked for the trial court to disqualify Appellant’s counsel. Furthermore, Appellee never made an argument for or against the disqualification of Appellant’s counsel in the telephone hearing. There was no verbatim record of the so-called “telephone hearing.” Neither party claims that any evidence was taken. However, what the majority perceives as the lack of a record in this case does not prevent this court from making a decision; it facilitates it. The circuit court decided to disqualify Attorney Halbert sua sponte. Although we review a circuit court’s decision to disqualify an attorney under an abuse-of-discretion standard, Valley v. Phillips County Election Commission, 357 Ark. 494, 183 S.W.3d 557 (2004), which is extremely deferential to the circuit court’s decision, this case shows a clear abuse of that discretion. Under Arkansas law, disqualification of a lawyer is not favored because “[a] litigant, of course, is entitled to counsel of its own choosing.” Floyd v. State, 2016 Ark. 264, 495 S.W.3d 82 (quoting Saline Mem’l Hosp. v. Berry, 321 Ark. 588, 906 S.W.2d 297 (1995)). We have stated that disqualification is a drastic measure to be imposed only where clearly required by the circumstances. Id. (citing Burnette v. Morgan, 303 Ark. 150, 794 S.W.2d 145 (1990)). In Burnette, this court stated, “We must never forget that a disqualification, though aimed at protecting the soundness of the attorney-client relationship, also interferes with, or perhaps destroys, a voluntary relationship by depriving a litigant of counsel of his own choosing—oftentimes affecting associations of long standing.” 303 Ark. at 155, 794 S.W.2d at 148. In Weigel v. Farmers Insurance Co., Inc., this court adopted a three-part test that requires the party seeking disqualification of an attorney-witness to prove (1) that the attorneys testimony is material to the determination of the issues being litigated; (2) that the evidence is unobtainable elsewhere; and (3) that the testimony is or may be prejudicial to the testifying attorney’s client. 356 Ark. 617, 625, 158 S.W.3d 147, 153 (2004). Obviously, appellee did not prove any of the elements in the Weigel test because appellee did not even ask the circuit court to disqualify Attorney Halbert. As noted previously, the circuit court’s decision is reviewed for an abuse of discretion. Valley, supra. An abuse of discretion means a discretion improvidently exercised, which is defined as thoughtlessly and without due consideration. Id. Acting without so much as an |10oral motion to disqualify Attorney Halbert and not considering the Weigel test is exercising discretion thoughtlessly and without due consideration. In making its decision to settle the record in this case, the majority has failed to appreciate that an appeal is a costly endeavor for both parties. Furthermore, even though this court hears appeals expeditiously, interlocutory appeals delay litigation. Creating an unnecessary obstacle to appellant’s receiving the relief to which it is obviously entitled thwarts justice. I therefore respectfully dissent. Wood and Womack, JJ., join.